Max Bloom, J.
Defendant is charged, in a three-count information, with driving while intoxicated, leaving the scene of an accident and driving without a license. The facts are set forth in the dissenting opinion of Presiding Judge Cbeel.
We find no difficulty in placing defendant in the automobile at the time of the happening of the accident. Although the evidence in that regard is purely circumstantial, we are of the opinion that the inference reasonably and naturally to be drawn from finding defendant’s coat-sleeve button and his fountain pen in the front seat of the automobile mandates this conclusion. Our difficulty arises in placing defendant behind the wheel at the time of the accident.
The police officer’s testimony did not exclude the possibility that there had been another occupant of the car. For us to conclude, from the circumstances, that defendant was the sole occupant of the car would require the heaping of inference upon inference, a practice long condemned by our courts (People v. Kennedy, 32 N. Y. 140, 144-146; People v. Lewis, 275 N. Y. 33, 39; People v. Razezicz, 206 N. Y. 249, 269-270; People v. Fitzgerald, 156 N. Y. 253, 258; People v. Jackson, 255 App. Div. 688, 692). By consequence, we are compelled to find that an essential link in the chain of the People’s evidence is missing.
Under any construction of the evidence we conclude that defendant’s guilt has not been established beyond a reasonable doubt. Hence, we find it unnecessary to determine whether the *670 examination of the car at the scene of the accident, and the observation of defendant’s coat for the purpose of determining whether the button found in the automobile was missing therefrom, constituted a search and, if so, the lawfulness thereof.
Accordingly, defendant’s motion to strike the evidence claimed to be the product of the illegal search, upon which decision was reserved, is denied. Defendant’s motion to dismiss, made at the close of the entire case, is granted upon the ground that the People .have failed to establish defendant's guilt beyond a reasonable doubt.